UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 23-23813-CIV-MORENO

JANDRA STEPHEN LUBOVICH, JON
CARY COOPER, AARON CHAIM
LUPULOFF, and STIFEL, NICOLAUS &
COMPANY, INC.,

        Petitioners,

vs.

LUCY CHUA and JOHN BYRNES as
TRUSTEES of the YIFE TIEN
IRREVOCABLE DYNASTY TRUST, and
ROCKY VISTA UNIVERSITY,

        Respondents.
_____/

## ORDER GRANTING RESPONDENTS' MOTION TO DISMISS PETITION TO CONFIRM ARBITRATION AWARD

    This case involves a petition for entry of final judgment confirming the arbitration award rendered in their favor and against Claimants and Respondents Lucy Chua and John Byrnes as Trustees of the Yife Tien Irrevocable Dynasty Trust, and Rocky Vista University, LLC by a Financial Industry Regulatory Authority arbitration panel.

    **THIS CAUSE** came before the Court upon Respondents' Motion to Dismiss for Failure to Join an Indispensable Party and Lack of Subject Matter Jurisdiction (**D.E. 22**), filed on **December 19, 2023**. THE COURT has considered the motion, the response in opposition, the reply, and pertinent portions of the record. For the reasons set forth below, the Court **grants** Respondents' Motion to Dismiss for failure to join an indispensable party and lack of subject matter jurisdiction.

1

## FACTS

On June 11, 2018, Lucy Chua and John Byrnes as Trustees of the Yife Tien Irrevocable Dynasty Trust, Rocky Vista University, LLC ("Claimants") filed their statement of claim against Jandra S. Lubovich, Jon C. Cooper, Aaron C. Lupuloff, and Stifel, Nicolaus & Co., Inc. ("Petitioners"). [ECF No. 1 at ¶ 11]. Claimants alleged claims for fraudulent misrepresentation and omissions, fraudulent inducement, conversion, civil theft, breach of fiduciary duty, failure to supervise, breach of commercial honor, and declaratory judgment. [*Id.*]. On October 5, 2023, the Financial Industry Regulatory Authority, Inc., served the arbitration award on all parties. [*Id.* at ¶ 14]. In the award, the arbitration panel ruled that all claims asserted by the Claimants against Petitioners were denied in their entirety. [*Id.* at ¶ 15]. The arbitration panel further ruled that the Claimants were liable to Petitioners for $1,800,000 in reasonable attorneys' fees and $294,024.51 in reasonable costs incurred by Petitioners in connections with the arbitration. [*Id.*].

Claimants move to dismiss the Petition to Confirm the arbitration award for lack of subject matter jurisdiction. Claimants argue that Petitioners intentionally excluded an indispensable party in order to try to force this petition to be heard in federal court. Further, Claimants state that because the indispensable party INTL FCStone Financial Inc. ("FCStone")'s, joinder would destroy diversity jurisdiction, the petition must be dismissed. The Court addresses the arguments below.

## LEGAL STANDARD – FED. R. CIV. P. 19

Claimants, in their instant action, move to dismiss the Petition to Confirm arbitration award pursuant to Federal Rule 12(b)(7) for failure to join an indispensable party (FCStone), the joinder of which would have destroyed diversity jurisdiction. A federal district court in its discretion may

dismiss an action for failure to join an indispensable party. *See* Fed. R. Civ. P. 12(b)(7). Rule 19(a) provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest or (ii) leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). If a person has not been joined as required, the court must order that the person be made a party. Fed. R. Civ. P. 19(a)(2).

The Court's inquiry does not end at Rule 19(a). The Eleventh Circuit in *Focus on the Family v. Pinellas Suncoast Transit Authority*, 344 F.3d 1263, 1279-80 (11th Cir. 2003) wrote that if the court finds that the person should be joined (under Rule 19(a)), but cannot be (because, for example joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue. The Eleventh Circuit reiterated this in *Challenge Homes, Inc. v. Greater Naples Care Center, Inc.*, 669 F.2d 667, 669 (11th Cir. 1982), writing that "in making the first determination—i.e., whether the party in question 'should be joined,' [-] pragmatic concerns, especially the effect on the parties and the litigation, control." (citations and some internal quotation marks omitted).

Rule 19(b) instructs courts to determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

> the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's

absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

## LEGAL ANALYSIS - FED. R. CIV. P. 19

First, the Court addresses Petitioners' argument that Rule 19 does not apply to this action as it was brought pursuant to the Federal Arbitration Act which sets forth its own procedural requirements for a motion to confirm arbitration award. Petitioners conclude that because the Federal Arbitration Act does not require *every* party to the arbitration to be named, Rule 19 is inapplicable to the Court's analysis. (emphasis added). *See* 9 U.S.C. § 9. Petitioners are mistaken. While it is undisputed that the text of the Federal Arbitration Act does not require every party to the arbitration to be named, the Act does not confer subject matter jurisdiction. The Eleventh Circuit addressed a similar question in *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) and held that the Federal Arbitration Act is not a statutory grant of federal subject matter jurisdiction. Instructively, the *Baltin* panel wrote that federal courts must have an independent jurisdictional basis to entertain cases arising out of the Federal Arbitration Act. *Id.* Here, while subject matter jurisdiction in the initial Motion to Compel is unquestionably met, if the Court finds that FCStone is an indispensable party under Rule 19, the Federal Arbitration Act does not supplant the lack of diversity. Now, to the Rule 19 analysis.

Rule 19(a) requires the Court to inquire whether the person should be joined. Here, the arbitration panel denied all claims asserted by Lucy Chua and John Byrnes as Trustees of the Yife Irrevocable Dynasty Trust, Rocky Vista University. Jandra S. Lubovich, Jon C. Cooper, Aaron C. Lupuloff, and Stifel, Nicolaus & Co., Inc. as Petitioners brought the petition to confirm the arbitration award in federal court. However, as Claimants point out, Petitioners, in bringing the

instant action to this Court, left off the party INTL FCStone Financial, Inc. The arbitration panel ruled that Claimants were liable to Petitioners for $1,800,000 in attorneys' fees and $294,024.51 in costs. Because this is a joint award in favor of all Petitioners (including FCStone which was left out of this action), FCStone has an interest regarding this action. While there may not be a risk of an existing party incurring inconsistent obligations because of the interest, there may be a risk of impeding or impairing the FCStone's interest if the issues in this case are disposed. *See* Fed. R. Civ. P. 19(a)(1)(B)(i)-(ii). Further, whether the award is confirmed or denied, the Court cannot accord complete relief among all the parties. *See* Fed. R. Civ. P. 19(a)(1)(A). Thus, the Court finds that under Rule 19(a), FCStone is an indispensable party which should be joined if feasible.

If the party should be joined but cannot be (because for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue. *See Challenge Homes, Inc.*, 669 F.2d at 669. Here, joinder of FCStone would divest the Court of jurisdiction. Thus, the Court must look at the factors in Rule 19(b).

Here, the Court finds that FCStone is an indispensable party and in equity and good conscience that the action cannot continue without the party. FCStone was a jointly prevailing party in the underlying arbitration. Claimants face actual prejudice if forced to litigate two competing actions in two courts. Further, the risk of prejudice is high. As Claimants point out, the absence guarantees a risk of inadequate judgments because it would be inherently incomplete without FCStone as a party. There seems to be no other reason for the omission of FCStone as a party other than the creation of diversity jurisdiction. The Court cannot simply carve out FCStone's entitlements, and any ruling on the arbitration award will affect FCStone's rights. On

5

Rule 19(b)(2), prejudice can be lessened by the Florida state courts that can handle the arbitration award as a whole, rather than this Court handling it piecemeal.

On Rule 19(b)(3), the Court has already touched on the fact that the judgment rendered in FCStone's absence will not be adequate. If the Court were to find in FCStone's favor and vacate the award, FCStone still would not have achieved complete relief, as further action in the state court would be necessary to vacate the joint award to Petitioners. Just because the Petitioners had a joint defense does not change the fact that FCStone is a several beneficiary of a single undifferentiated arbitral award.

Finally on Rule 19(b)(4), the Court believes that Florida state court is the adequate forum for this action. Claimants state that they have already filed their Motion to Vacate the arbitral award in the 11th Judicial Circuit for Miami-Dade County. Failure to dismiss this case here would allow the state action to proceed simultaneously and result in duplicative efforts and potentially inconsistent results.

The Court finds unpersuasive Petitioners' last-ditch argument that the Court simply needs to exercise supplemental jurisdiction under 28 USC § 1367. "As with any federal action, diversity of citizenship is determined by reference to the parties named in the proceeding before the district court, as well as any indispensable parties who must be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure." *Morgan Keegan & Co. v. Mun. Workers Comp. Fund*, No. 2:12-CV-2612-RDP, 2012 U.S. Dist. LEXIS 204675 (N.D. Ala. Sep. 7, 2012). "Where joinder of a party would destroy subject matter jurisdiction, the court must dismiss the action if that party is indispensable to the litigation." *Id.* (citing *Private Business, Inc. v. Alabama Exterior Supply, Inc.*, 2000 U.S. Dist. LEXIS 19838, 2000 WL 33156437, *3 (S.D. Ala. 2000) (quoting *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 445 (2nd Cir. 1995)) (citations omitted)(emphasis added));

*see also Diamondback Timberlands, Inc. v. Morrison*, 2007 U.S. Dist. LEXIS 42575, 2007 WL 1705684 (M.D. Ga. 2007).

Accordingly, the Court dismisses the Petition to Confirm Arbitration Award for failure to join an indispensable party and lack of subject matter jurisdiction.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss for Failure to Join an Indispensable Party and Lack of Subject Matter Jurisdiction is **GRANTED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 3rd of June 2024.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record